JUDGE SULLIVAN

# 13 CV 1255

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ERIK MAYOR,
Plaintiff,

       -against-

THE CITY OF NEW YORK, MICHAEL RICKETTS,
RAYVON WATSON, JOHN DOE NOS. 1-3,
whose identities are unknown, except to the extent
that they are employees of the CITY OF NEW YORK,
and/or members or personnel of the Police
Department of the CITY OF NEW YORK,

Defendants.
------------------------------------------------------------------X

**JURY TRIAL
DEMANDED**

Case No.:



**COMPLAINT**

("Plaintiff"), by his attorney, Josh Silber, Esq., complaining of the defendants herein,

respectfully shows to this Court, and alleges as follows:

## THE PARTIES

1.        At all times hereinafter mentioned, Plaintiff was and still is a resident of the

County of New York, in the City and State of New York.

2.        At all times relevant and material herein, the defendant CITY OF NEW

YORK (hereinafter "CITY") was and still is a domestic municipal corporation, duly organized and

existing under and by virtue of the Laws of the State of New York.

3.        The defendants MICHAEL RICKETTS & RAVON WATSON, were, at all

times relevant hereto, agents, servants and/or employees of Defendant CITY, duly appointed and

acting as police officers, auxiliary police officers, detectives and/or supervisors in the New York

City Police Department, acting in the course and scope of their employment as such and in

furtherance of the interests and business of their said employer.

4.        Defendants MICHAEL RICKETTS & RAVON WATSON are and were, at all times relevant hereto, agents, servants and/or employees of Defendant CITY, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer, and otherwise performed and engaged in conduct incidental to the performance of their functions in the course of their duties. MICHAEL RICKETTS & RAVON WATSON are sued individually and are collectively referred to herein as "The Individual Defendants."

5.        At all times relevant and material herein, the defendants JOHN DOES NOS. 1-3, were personnel of the Police Department of the City of New York.

6.        At all times relevant and material herein, the defendants JOHN DOES NOS. 1-3, were employees of the Police Department of the City of New York.

## JURISDICTION AND VENUE

7.        This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§331 and 1343 in that it alleges a claims for relief arising under 42 U.S.C. 1983.

8.        Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

9.        Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING
## TO ALL OF PLAINTIFF'S CLAIMS

10.        At all times relevant and material herein, the defendant CITY OF NEW YORK operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

11.        At all times relevant and material herein, the defendants MICHAEL RICKETTS, RAVON WATSON and JOHN DOES NOS. 1-3 were each employees of the Police Department of the City of New York.

12.        At all times relevant and material herein, the defendants MICHAEL RICKETTS, RAVON WATSON and JOHN DOES NOS. 1-3, were personnel of the Police Department of the City of New York.

13.        That at all times hereinafter mentioned and upon information and belief, the defendant CITY OF NEW YORK, employed and supervised the defendants MICHAEL RICKETTS, RAVON WATSON and JOHN DOES NOS. 1-3.

14.        Upon information and belief, the defendants MICHAEL RICKETTS, RAVON WATSON and JOHN DOES NOS. 1-3 were graduates of the Police Academy of the City of New York.

15.        At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers, MICHAEL RICKETTS, RAVON WATSON and JOHN DOES NOS. 1-3, to conform their conduct to a standard for the protection of individuals, such as Plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as Plaintiff herein.

16.        In addition, at all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command,

Precinct and Patrol levels the defendant officers, MICHAEL RICKETTS, RAVON WATSON and JOHN DOES NOS. 1-3 in the protections of the rights of Plaintiff under the Constitution and the Bill of Rights.

17.     At all times hereinafter mentioned, upon information and belief, the defendants MICHAEL RICKETTS, RAVON WATSON and JOHN DOES NOS. 1-3 where acting in their capacities as employees, agents or servants of the defendant CITY OF NEW YORK.

18.     At all times hereinafter mentioned, the defendants MICHAEL RICKETTS, RAVON WATSON and JOHN DOES NOS. 1-3 where acting under color of law.

19.     At all times hereinafter mentioned, the defendants' acts constituted state action.

20.     On or about December 16, 2011, Plaintiff was within his own business establishment, the restaurant "Milk Burger" located at 2056 Second Avenue, New York, NY, in the City and State of New York.

21.     Additionally, on or December 16, 2011, the defendants MICHAEL RICKETTS, RAVON WATSON and JOHN DOES NOS. 1-3, were on duty and/or acting as employees, agents or servants of the defendant CITY OF NEW YORK, and were also present at the same time and in the same place as Plaintiff, as aforesaid.

22.     At approximately 10:00 p.m., on or about December 16, 2011, the defendants MICHAEL RICKETTS, RAVON WATSON and JOHN DOES NOS. 1-3, detained, arrested, entrapped, and further assaulted Plaintiff.

23.     In addition to the defendants' willful and intentional conduct upon Plaintiff, the defendants intentionally held and restrained Plaintiff without his consent.

24.     Plaintiff was then arrested and/or caused to be arrested and charged with various crimes.

25.        The charges were subsequently, dropped, dismissed or otherwise disposed of.

26.        All of the defendants' acts described in the preceding four paragraphs were without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

27.        By reason of the foregoing acts by the defendants, Plaintiff was severely injured and suffered, and upon information and belief, will continue to suffer, continuous pain and anguish.

28.        By reason of the foregoing acts by the defendants, Plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

29.        By reason of the foregoing, Plaintiff was compelled to, and did necessarily, require medical attention and did necessarily pay and become liable therefore, and upon information and belief, Plaintiff will necessarily incur similar expenses.

30.        By reason of the foregoing, Plaintiff was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and upon information and belief, Plaintiff will necessarily incur similar legal fees.

## ALLEGATIONS PERTAINING TO PLAINTIFF'S CLAIMS UNDER STATE LAW

31.        Before the commencement of this action, on or about March 9, 2012, or within the time mandated by law, a Notice of Claim containing the information required by law was duly served upon the defendant CITY OF NEW YORK.

32.        More than thirty (30) days have elapsed since the claims upon which this action is based were presented to the defendant CITY OF NEW YORK, and said defendant has neglected and/or refused to make payment or adjustment thereof.

33.        The defendant CITY OF NEW YORK requested and examined Plaintiff as was its right under the General Municipal Law.

34.        This action is commenced within one year and ninety days after both the accrual of the causes of action alleged in this complaint and the happening of the incidents and acts complained of herein.

## FIRST CLAIM FOR RELIEF
### (PURSUANT 42 U.S.C. §1983
### FOR DEFENDANTS' VIOLATION
### OF PLAINTIFF'S CIVIL RIGHTS)

35.        Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

36.        The defendants' acts towards Plaintiff as previously set forth herein were without warrant, authority of law, or any reasonable cause or belief that Plaintiff committed any crime.

37.        Such acts constituted a deprivation of Plaintiff's Constitutional rights, liberties and freedoms under color of State law, under 42 U.S.C. §1983.

38.        Said violation of Plaintiff's Constitutional rights caused him personal injury and damage, both physical and mental; and severe emotional distress and illness.

39.        By reason of Defendants' violation of Plaintiff's Constitutional rights, Plaintiff is entitled to judgment in the amount of $500,000.00.

## SECOND CLAIM FOR RELIEF
## (PURSUANT TO 42 U.S.C §1983
## FOR ASSAULT AND BATTERY
## UNDER COLOR OF STATE LAW)

40.         Plaintiff repeats and realleges each and every allegation in the preceding

paragraphs with the same force and effect as if fully set forth.

41.         The defendants' assault and battery of Plaintiff was excessive, unwarranted,

unnecessary and violent and violated Plaintiff's rights under the Constitution.

42.         The said assault and battery caused Plaintiff personal injury and damage,

both physical and mental; and severe emotional distress and illness.

43.         As a result thereof, Plaintiff is entitled to judgment in the amount of

$500,000.00.

## THIRD CLAIM FOR RELIEF
## (PURSUANT TO 42 U.S.C §1983
## FOR FALSE ARREST AND IMPRISONMENT
## UNDER COLOR OF STATE LAW)

44.         Plaintiff repeats and realleges each and every allegation in the preceding

paragraphs with the same force and effect as if fully set forth.

45.         The defendants arrested, detained and imprisoned Plaintiff, without warrant,

even though they knew or should have known that he was wholly innocent of any crime then and

there alleged against him, and thus violated Plaintiff's Constitutional rights.

46.         As a result thereof, Plaintiff is entitled to judgment in the amount of

$500,000.00.

## FOURTH CLAIM FOR RELIEF
## (COMMON LAW ASSAULT)

47.         Plaintiff repeats and realleges each and every allegation in the preceding

paragraphs with the same force and effect as if fully set forth.

48.     The defendants are liable for assault to Plaintiff.

49.     As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## FIFTH CLAIM FOR RELIEF
### (COMMON LAW BATTERY)

50.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

51.     The defendants are liable for battery to Plaintiff.

52.     As a result thereof, Plaintiff is entitled to judgment an amount exceeding the jurisdiction of all lower courts.

## SIXTH CLAIM FOR RELIEF
### (COMMON LAW FALSE ARREST
### AND IMPRISONMENT)

53.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

54.     The defendants are liable for false arrest and false imprisonment to Plaintiff.

55.     As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## SEVENTH CLAIM FOR RELIEF
### (COMMON LAW INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS)

56.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

57.     The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning Plaintiff was outrageous, shocking and exceeded all reasonable bounds of decency.

58.          The defendants are liable for intentional infliction of emotional distress to Plaintiff.

59.          As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## EIGHTH CLAIM FOR RELIEF
## (NEGLIGENT INFLICTION OF
## EMOTIONAL DISTRESS)

60.          Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

61.          The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning Plaintiff was careless and negligent as to the emotional health of Plaintiff.

62.          The defendants are liable for negligent infliction of emotional distress to Plaintiff.

63.          As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## NINTH CLAIM FOR RELIEF
## (COMMON LAW NEGLIGENCE)

64.          Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

65.          The defendant CITY OF NEW YORK, was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning Plaintiff.

66.          Additionally, the defendants MICHAEL RICKETTS, RAVON WATSON

and JOHN DOES NOS. 1-3 were negligent in their conduct, in causing, or allowing, the occurrence

as aforesaid.

67.          As a result thereof, Plaintiff is entitled to judgment in the amount of

$500,000.00.


**WHEREFORE**, Plaintiff demands judgment against the defendants as follows:

On each CLAIM FOR RELIEF, judgment in the amount of $500,000.00; and

Plaintiff demands an additional sum of punitive damages against each defendant to be

determined a the trial of this action; and

In the event plaintiff is a prevailing party, attorneys fees; and

Interest, costs, and such other relief as to this Court shall seem just and proper.

DATED:      New York, New York
            January 24, 2013


Yours, etc.,

JOSH SILBER
JS-6070


Josh Silber, Esq.
Abend & Silber, PLLC
440 Park Avenue South
New York, NY 10016
Jsilber@abendsilber.com
(212) 532-7575